IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAWRENCE KANSKY and
IRENE KANSKY, his wife,
                   Plaintiffs

      v.

ROGER A. SHOWMAN and
HEARTLAND EXPRESS, INC.,
                   Defendants

:     No. 3:09cv1863
:
:
:     (Judge Munley)
:
:
:
:
:
:
:

## MEMORANDUM

Before the court for are the parties' motions in limine filed in advance of the trial scheduled for April 26, 2011. The motions were ruled upon in a November 16, 2010 order (Doc. 88), and the purpose of this memorandum is to explain the court's reasoning.

**Background**

This case involves an automobile and tractor-trailer accident that occurred on May 5, 2008. (Doc. 1, Compl. ¶ 11). Plaintiff Lawrence Kansky, was operating a 2004 Jaguar automobile which was stopped at a railroad crossing in Wright Twp., Luzerne County, Pennsylvania. (Id. ¶ 12). A tractor-trailer, owned by Defendant Heartland Express, Inc. ("Heartland") and driven by Defendant Roger Showman, entered Plaintiff Lawrence Kansky's lane and collided with his vehicle. (Id.) As a result of the collision, plaintiff suffered serious, permanent and disabling injuries. (Id.) Based upon the facts, plaintiffs filed a five-count complaint, asserting the following causes of action: Count I, negligence against Defendant Roger A. Showman; Count II, negligence against Defendant Heartland; Count III, vicarious liability against Defendant Heartland; Count IV, negligent entrustment against Defendant Heartland; and Count V, loss of consortium against both defendants. (Id.)

**Discussion**

As the motions in limine principally address evidentiary issues, we will first briefly explain rules of admissibility. Generally, relevant evidence is admissible in a trial. FED. R. EVID. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Relevant evidence may be precluded where "its probative worth is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

Both the plaintiffs and defendants have filed motions in limine, we will address each separately.

## I. Plaintiffs' motions in limine

### A. Plaintiffs' motion in limine to preclude any reference to Lawrence Kansky's past criminal record and former occupation as doctor

In June 26, 2007, Plaintiff Lawrence Kansky was arrested for fraudulently obtaining prescription narcotics for his own personal use. He surrendered his license as a podiatrist as a result of the criminal charges and for other personal reasons. Plaintiff asserts these matters are irrelevant to the case at hand. The charges occurred before the accident, and there is no claim that drugs were involved in the accident. As to his former profession, plaintiff indicates that he is making no wage loss claim, and thus his employment history is irrelevant.

Defendant claims this information is relevant to impeach the plaintiff's

credibility.   We disagree.  This evidence has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  FED. R. EVID. 401.  To the extent that the evidence may be used to attack the plaintiff's credibility, we find that the probative worth is substantially outweighed by the danger of unfair prejudice.  Therefore, plaintiff's motion in limine to preclude this evidence is granted.

**B.  Plaintiffs' motion in limine to allow argument, evidence and testimony of traffic citation issued to Defendant Roger A. Showman and subsequent guilty plea**

Due to the accident, Defendant Showman was cited with disregarding a traffic control device in violation of 75 PENN. CONS. STAT. ANN. § 3111A.  This citation was issued as a result of Showman's violation of the posted signs prohibiting truck traffic in excess of ten tons in the residential neighborhood where the accident occurred.  Defendant pled guilty to the violation.  Plaintiff seeks to have the guilty plea admitted and to have Showman found negligent per se or negliglent as a matter of law for violating the statute.

Defendants agree to the admission of the violation and the guilty plea.  Defendants also agree, in part, with regard to a finding of negligence per se.  Defendants' position is that, although Defendant Showman may have been negligent per se, it is for the jury to determine whether the negligence in violating the statute was the factual cause of the plaintiff's injuries.  Plaintiff seems to agree with the defendant with regard to the causation issue.  Accordingly, the motion in limine is granted as uncontested.   The evidence of the citation shall be admissible and

defendant will be found negligent per se.  The issue, however, of whether this negligence was the factual cause of the plaintiff's injuries will be for the jury to determine.

## C. Plaintiff's motion in limine to preclude argument, evidence or testimony regarding rental properties

Plaintiff Lawrence Kansky owns several rental properties, which he discussed at his deposition.  Plaintiffs move to preclude mention of the rental properties at trial.  The rental properties have nothing to do with the instant case according to the plaintiffs.

Defendants contend that the evidence of whether Plaintiff Lawrence Kansky was able to "maintain" or "take care" of these properties after the accident is relevant to assess the genuineness of plaintiff's alleged injuries.  The court agrees with the defendants.  This evidence may have relevance in determining the extent of plaintiff's injuries.  In their motions, the parties argue the facts.  The facts, however, are for the jury to decide, that is whether taking care of his rental properties indicates that plaintiff was not as injured as he claimed.     Accordingly, this motion in limine is denied.

## D. Plaintiff's motion in limine to preclude any reference to the incident being a non-reportable accident

Defendants' pre-trial memorandum indicates that they the intend to call Officer Brian Macko at trial.  Macko was the investigating police officer for the accident.  Defendants seek to have him testify that the accident was "non-reportable."  A non-reportable accident is one where no one is injured and the cars involved can still be driven under their own power.  Plaintiffs suggest that defendants will use this to argue that Plaintiff Lawrence Kansky was not injured in the accident.  Plaintiffs seek to preclude Macko's

testimony.  Plaintiffs argue that defendants also seek to call their own expert witness who admits that plaintiff's injuries were caused by the accident.  Because defendants' own medical expert has conceded that Plaintiff Lawrence Kansky was injured in the accident, they should be precluded from arguing that he suffered no injury in the accident.  Plaintiffs argue that the evidence may be precluded by 403 of the Federal Rules of Evidence, as the evidence's probative value is substantially outweighed by the prejudicial effect.

Defendants  argue that the police officer's testimony is needed to provide the jury with all pertinent and relevant evidence, including the fact that plaintiff indicated at the time of the accident that he was not injured and that the car was driveable.[1]  It will provide the jury the entire picture of what occurred at the time of the accident..

The plaintiffs' motion is denied.  The police officer's report is part of the background of the case.  Plaintiffs can counter the officer's testimony/report through cross examination and argument.

**E.  Plaintiffs' motion in limine to preclude testimony of Michael Brady and/or any testimony or evidence as to why he classified this accident as preventable**

In their pretrial memorandum, defendants list Michael Brady as a potential witness.  He is an employee of Defendant Heartland; its Risk

---

[1]Defendants first contend the motion should be denied as untimely. The court, however, granted plaintiffs leave to file motions in limine, including the instant motion with regard to Michael Brady, past the deadline.  (Doc. 52).  The court ordered that the motions be filed within fourteen days of September 29, 2010.  (Id.)  The instant motion was filed on September 29, 2010; therefore it was timely and the defendants' argument is not persuasive.

Manager, who deemed the accident "preventable." Defendants seek to call him to testify as to the reason why the accident was deemed "preventable."[2]   Plaintiff seeks to preclude this testimony, and argues as follows: Defendant Heartland's corporate designee and safety director, Gary King, was deposed and indicated that "preventable" refers to whether or not the driver may have been at fault in the accident.  This testimony is binding on Defendant Heartland because King is the corporate designee. Defendant cannot argue a theory of facts differing from that articulated by the designated representative.  In other words, they cannot call another employee to contradict the corporate designee.

Defendant argues that King was not the corporate designee as to all matters.  Plaintiff, in fact, never went through the procedure to obtain a corporate designee deposition as outlined in Rule 30(b)(6) of the Federal Rules of Civil Procedure.  However, in order to allow King to sit through Defendant Showman's deposition, defense counsel agreed to deem him the corporate designee with regard to his capacity as Safety Director for the company where he is responsible for all driver hiring, orientation, accident prevention, human resources and insurance programs.  He had no involvement in reviewing this accident.

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, a

> party may name as the deponent a . . . private corporation . . . and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

---

In this case, the formal notice was not utilized to identify a corporate designee.  However, King was permitted to sit through Defendant Showman's deposition on the representation of defense counsel that King was the company corporate designee for this matter.  (Doc. 56-2, King Dep. at 4).  Defendants indicate that King was corporate designee only in his capacity as Safety Director for the company, but they provide no citation to the record for this assertion.[3]  Regardless, of whether there had been some limitation, he testified as to safety concerns and accident prevention, which fall under his status as Safety Director.

When a corporation designates a representation, it cannot later present a theory of facts that differ from that provided by the representative.  Diamond Triump Auto Glass, Inc. v. Safelite, 441 F. Supp. 2d 695, 723 n.17 (M.D. Pa. 2006).  Accordingly, the motion in limine is granted the defendant will be precluded from offering the testimony of Michael Brady that contradicts King's testimony.

## F.  Plaintiff's motion in limine to preclude testimony of Dr. Michael Brooks

Defendants have retained the services of an expert medical witness, Dr. Stephen Brooks, who examined plaintiff's MRI studies.  He concluded that they revealed that plaintiff's back suffered from chronic longstanding degenerative changes unrelated to the motor vehicle accident.  He never examined the plaintiff.  Defendants also had another expert actually

---

[3]Plaintiff's counsel has submitted an affidavit indicating that had defense counsel limited King's corporate designee status in any way, he would not have allowed King to sit through Showman's deposition and would also have taken Brady's deposition.  (Doc. 76-3, Aff. Timothy G. Lenahan, Esq.).

examine the plaintiff, Dr. Fedder.  Dr. Fedder concluded that plaintiff suffered an injury in the accident.  Plaintiff seeks to preclude Dr. Brooks testimony on the basis that Defendants should not be allowed to present inherently inconsistent expert opinions.

Defendants argue that they do not seek to have Dr. Brooks testify that plaintiff suffered no injury in the accident.  Dr. Fedder's testimony is consistent because, Fedder indicates that plaintiff had "clinically recovered" from the injury caused by the motor vehicle accident.

The motion in limine is denied.  The extent to which the opinions of Dr. Fedder and Dr. Brooks differ will be an appropriate matter for plaintiffs to address in cross examination and argument.

**G.  Plaintiffs' motion in limine seeking spoliation sanction based upon defendants' expert, Dr. Stephen L. Fedder's destruction of evidence**

As noted above, Dr. Fedder is an expert medical witness for the defense.  During his deposition, he acknowledged that he had destroyed draft reports, medical records and communications with defense counsel. Plaintiff argues that defendant should be sanctioned for this destruction of evidence.  Plaintiff argues that not having this evidence puts them at a disadvantage in cross-examining Dr. Fedder with regard to the facts, data and assumptions relied upon in forming his opinions.  Plaintiff would like the jury to be instructed on a "spoliation inference"  - that is, that any destroyed communications contained unfavorable information to the defendants.

Defendants argue that Dr. Fedder's reports outline the records he reviewed as well as the diagnostic studies he had in his possession for

review.  The actual studies and records were not destroyed, only the copies sent to the doctor were destroyed.  Moreover, the spoliation doctrine applies to the destruction of evidence by a party or the agent of a party.  An expert witness is not a party or agent of a party.  Therefore, a spoliation inference instruction is not appropriate.

This motion is denied.  It is apparent that Dr. Fedder did not destroy any evidence, merely copies of records that were sent to him.  Accordingly, a spoliation sanction is inappropriate.

## II.  Defendants' motion in limine

Defendants filed one motion in limine containing three parts.  We will address each part in turn.

### A.  Defendant's investigation and conclusion that the accident was preventable

After the accident, the Defendant Heartland performed an internal investigation and determined that the accident was "preventable."  Defendants seek to preclude this evidence from trial.  Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury or waste of time.  In the instant case, defendants claim the probative value is substantially outweighed by these other issues.

Plaintiffs' position is that the company's corporate designee testified as to this conclusion, and the probative value is not substantially outweighed by the prejudicial effect.  After a careful review, we find that the defendants have not established any undue prejudice with regard to this evidence.  The defendants will be able to fully explore this issue through

cross examination and argument.

**B. Reference to treatment, diagnosis and/or opinions of Dr. Reiter, Dr. Ratliff, Dr. Satyam and Dr. Paz**

Defendants also seek to preclude several of plaintiff's treating physicians from testifying because their notes do not causally relate their diagnoses to the May 5, 2008 accident.   Plaintiff argues that because these are treating physicians they can certainly testify as to the treatment they rendered, the plaintiff's symptoms, their diagnosis, causation, future prognosis and other medical opinions.  Issues such as the causation of the symptoms are within the course and scope of the treatment.  These witnesses were not obtained specifically as experts, therefore, no expert report is necessary.  Moreover, other treating physicians are testifying as to the causation; Dr. Kline, Dr. Carey and Dr. Kerrigan.  They should be able to refer to the treatment plaintiff obtained from his other treating physicians.

The court agrees with the plaintiffs.  Plaintiff Lawrence Kansky's treating physicians may testify as to their treatment of the plaintiff without the necessity of the physicians submitting an expert witness report.   The Federal Rules of Civil Procedure provide that only those experts "retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B).  Regardless, the treating physician could be deemed an expert at trial and be able to provide causation testimony or other testifying experts could testify that the treatment provided by these physicians was causally related to the accident. Thus, no reason exists to preclude the testimony of these treating physicians,

and this portion of the motion in limine is denied.

### C. Dr. John Kline's Expert Report

Defendant seeks to preclude the testimony of Dr. John A. Kline, Jr. Dr. Kline's report discusses plaintiff's future medical expenses. According to the defendant, plaintiff's insurance will pay these future medical costs. A Pennsylvania statute referred to as "Act 6" precludes plaintiff from recovering for paid or payable medical expenses. 75 PENN. CONS. STAT. ANN. § 1797. Therefore, defendants seek to preclude Dr. Kline's testimony with regard to future medical expenses.

Plaintiff points out that defendants have presented no case law to support their position. The word "payable" in Act 6 can have many meanings, such as "owed, to be paid, due". Future medical payments are not currently due and outstanding. The defendants cannot guarantee that any future expenses will in fact be paid. It is merely speculation. For instance, plaintiff's insurer could become bankrupt, or deny future medical bills for a variety of reasons. We agree with the plaintiffs. Because the insurance benefits are not necessarily due and owing at this time and nothing could compel the insurer to pay a lump sum for future expenses, plaintiff's future medical bills are not "payable" under Act 6. Fairness and public policy dictate that the burden of any risk or speculation should fall on the defendants, not plaintiffs.

### Conclusion

For the reasons set forth above, the plaintiffs' motion to preclude any reference to Plaintiff Lawrence Kansky's past criminal record and former occupation was granted as well as the plaintiffs' motion to preclude testimony of Michael Brady regarding the reason for classifying the

accident as preventable.

The remainder of the motions were denied.

**Date:** _____                    **BY THE COURT:**

                                             **s/ James M. Munley**
                                             **JUDGE JAMES M. MUNLEY**
                                             **United States District Court**

12